James M. BARNETTE, Appellant,

v.

Joseph A. CALIFANO, Secretary of
Health, Education and
Welfare, Appellee.

No. 77–2120.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1978.

Decided Oct. 23, 1978.

Robert T. Winston, Norton, Va., for appellant.

Fred Marinucci, Asst. Regional Atty., Dept. of HEW, Philadelphia, Pa. (Stephanie W. Naidoff, Regional Atty., and Roberta Hess, Legal Asst., Dept. of HEW, Philadelphia, Pa., Paul R. Thomson, Jr., U. S. Atty., E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and THOMSEN *, Senior District Judge.

* Honorable Roszel C. Thomsen, Senior District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

■ This is a suit to review the final decision of the Secretary of Health, Education, and Welfare that Barnette was not entitled to "black lung" benefits under Part B of the Federal Coal Mine Health and Safety Act of 1969, as amended in 1972, 30 U.S.C.A. § 901 *et seq.* The district court evaluated all of the claimant's evidence and the provisions under which Barnette might be entitled to benefits, and finally the court concluded that the Secretary's findings and decision not to award benefits were supported by "substantial evidence." 30 U.S.C.A. § 923(b); 42 U.S.C.A. §§ 405(g), 421(d). We agree with that conclusion and affirm.

None of Barnette's x-rays revealed the presence of complicated pneumoconiosis, even as interpreted by the claimant's readers. Hence, Barnette is not entitled to an irrebuttable presumption, under 20 C.F.R. § 410.418(a), that he suffers from totally disabling pneumoconiosis.

Nor is Barnette able to rely on the special presumption made available to some claimants by the interim regulations, 20 C.F.R. § 410.490. The Secretary was entitled to decide that Barnette's x-rays did not "establish the existence of pneumoconiosis," for purposes of 20 C.F.R. § 410.490(b)(1)(i), given the negative rereadings by the Secretary's "B" readers. *See Sharpless v. Califano,* 585 F.2d 664 (4th Cir. 1978). Similarly, the results of the claimant's three pulmonary function studies were inconsistent, but the two most recent studies yielded normal values or values above the interim criteria. *See* 20 C.F.R. § 410.490(b)(1)(ii). Therefore, the Secretary's decision, that Barnette's pulmonary function studies did not establish the rebuttable presumption under the interim regulations, also was supported by "substantial evidence."

Finally, we conclude that the evidence entitled the Secretary to find that Barnette had not established the rebuttable presumption of totally disabling pneumoconiosis, that is available under the permanent regulations, 20 C.F.R. § 410.414(b). That provision provides that a claimant with fifteen or more years of coal mine employment is entitled to a presumption that he is totally disabled by pneumoconiosis "if other relevant evidence demonstrates the existence of a totally disabling chronic respiratory or pulmonary impairment." *See Petry v. Califano,* 577 F.2d 860 (4th Cir. 1978). The Secretary acknowledged that Barnette does suffer from a respiratory impairment, but the Secretary ultimately concluded that the impairment was not "totally disabling," as is necessary to establish the § 410.414(b) presumption.

■ The regulations permit a claimant to prove that his respiratory impairment is "totally disabling" by the same means that a claimant would prove that his pneumoconiosis is "totally disabling" in the absence of any presumption. 20 C.F.R. § 410.422(a). In some instances, a claimant can establish the existence of a "total disability" by certain medical criteria alone, but Barnette's evidence definitely was insufficient for this purpose. *See* 20 C.F.R. §§ 410.424(a), 410.-426(b)–(c). Consequently, Barnette must rely on the provision that a respiratory impairment is considered "totally disabling if other relevant evidence . . . establishes that the miner has . . . a chronic respiratory or pulmonary impairment, the severity of which prevents . . . him not only from doing his previous coal mine work, but also, considering his age, his education, and work experience, prevents . . . him from engaging in comparable and gainful work." 20 C.F.R. § 410.426(d). We interpret this regulation to mean that if a claimant's respiratory impairment would have the described effect on his ability to work, regardless of and apart from any other medical impairments, then the *respiratory impairment* is "totally disabling." *Cf.* 20 C.F.R. § 410.426(a).

Aside from the inconclusive x-rays and pulmonary function studies, Barnette's only evidence that he suffered from a respiratory impairment consisted of his own testimony and three doctors' medical reports. However, none of those three doctors concluded that Barnette was totally disabled, much less totally disabled by a respiratory impairment. All three of the doctors listed numerous non-compensable medical problems from which Barnette suffers, and none indicated that the respiratory impairment

was predominant. Two of the doctors appeared to base their diagnoses of pneumoconiosis and emphysema on x-rays that were reread later as negative for pneumoconiosis; to that extent, the Secretary was entitled to discount these doctors' diagnoses of some respiratory impairment.

 After considering all of the evidence, we conclude that the Secretary's decision that Barnette had failed to establish that his respiratory impairment was "totally disabling," was supported by "substantial evidence." The regulations and the 1969 Act generally allocate the burden of proof on the "total disability" issue to the claimant, absent a special presumption. Barnette failed to satisfy this burden, so he did not establish the basis for the § 410.414(b) rebuttable presumption.

Finding that the Secretary's decision was supported by "substantial evidence," with respect to all of the provisions potentially applicable to Barnette, we affirm the final decision of the Secretary and the district court that Barnette was not entitled to "black lung" benefits. The claimant, of course, is and has been entitled to request administrative reconsideration of his claim under § 15 of the Black Lung Benefits Reform Act of 1977.

*AFFIRMED.*